UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ZUHTU ONUR TATARI,

                        Petitioner,

   -against-

NEVA DURUST,

                        Respondent.

------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-CV-6930 (CBA) (LKE)

**AMON, United States District Judge:**

On January 29, 2025, I issued a Memorandum and Order granting Petitioner Zuhtu Onur Tatari's Petition for the return of his child, O.T., to Turkey. (ECF Docket Entry ("D.E.") # 67.) In granting the Petition, I ordered that O.T. be returned to Turkey within 14 days of that Order, February 12, 2025. Respondent filed a notice of appeal from that Memorandum and Order and a motion to stay that Order pending appeal, or in the alternative, to administratively stay that Order for one week to permit her to seek relief from the Second Circuit. (D.E. ## 68, 70.)

"Courts should apply the four traditional stay factors in considering whether to stay a return order: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Chafin v. Chafin, 568 U.S. 165, 179 (2013) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "[A] district court's application of these four factors to its own return order under the Hague Convention will rarely augur in favor of issuing a stay." Royal Borough of Kensington and Chelsea v. Bafna-Louis, No. 22-cv-8303 (PKC), 2023 WL 3976663, at *1 (S.D.N.Y. June 13, 2023) (quoting Poix v. Santana, No. 22-cv-4980 (JPC), 2022 WL 16751915, at *1 (S.D.N.Y. Nov. 7, 2022)). "Staying the return of a child in an action under the Convention

should hardly be a matter of course." Saada v. Golan, No. 18-cv-5292 (AMD) (RML), 2021 WL 1176372, at *6 (E.D.N.Y. Mar. 29, 2021) (quoting Friedrich v. Friedrich, 78 F.3d 1060, 1063 (6th Cir. 1996)). The facts of this case do not justify a stay pending the completion of Respondent's appeal.

Putting aside for the moment the first factor, the other three Nken factors weigh against a stay pending appeal. Although Durust is concerned about the irreparable injury to her and O.T. if my decision is reversed or if the Turkish court grants her the uncontroverted ability to reside in the United States without input from Petitioner, if the Second Circuit affirms my decision and the Turkish court agrees with Tatari, O.T. "will have lost 'precious months when he could have been readjusting to life in'" Turkey. Saada, 2021 WL 1176372, at *7 (quoting Chafin, 568 U.S. at 178) (alteration adopted). This is especially true as school has just started for the spring term in Turkey, providing a potentially opportune time for O.T. to reintegrate. (D.E. # 74.) Therefore, this factor does not weigh in favor of a stay. Saada, 2021 WL 1176372, at *7; Eidem v. Eidem, No. 18-cv-6153 (RJS), 2019 WL 13243081, at *2 (S.D.N.Y. May 28, 2019) ("delaying a child's return for the concern that the child will be shuttled back and forth between countries "is disfavored because, if the petitioner ultimately prevails on appeal" the child's subsequent return will be more difficult). The third Nken factor obviously weighs against a stay because if O.T. remains in America pending appeal Tatari will not practically be able to exercise his visitation schedule as defined in the parties' divorce decree. Saada, 2021 WL 1176372, at *7. Finally, the "public interest . . . weighs very strongly against a stay" because "the Hague Convention generally requires 'the prompt return of a child'" and "American parents and their children benefit from this country's participation in and vigorous enforcement of the Hague Convention." Tereshchenko v. Karimi, No. 23-cv-2006

(DLC), 2024 WL 195547, at *5 (S.D.N.Y. Jan. 18, 2024) (quoting Golan v. Saada, 596 U.S. 666, 670 (2022)); Poix, 2022 WL 16751915, at *1.

Durust's citation of the complexity of the legal question at issue does not overwhelm the other Nken factors weighing against a stay pending appeal. Saada, 2021 WL 1176372, at *6-8 (declining to issue a stay despite the fact that the case presented an issue of first impression on a matter of interpreting the Hague Convention); see Lukic v. Elezovic, No. 20-cv-3110 (ARR) (LB), 2021 WL 804384, at *2 (E.D.N.Y. Mar. 3, 2021) (declining to stay return order despite the foreign family court's "determination" that it is in the child's best interests to remain with the respondent because the Hague Convention does not focus on the underlying custody dispute).

However, I will enter a brief administrative stay to allow Durust to seek a stay from the Second Circuit. E.g., Royal Borough, 2023 WL 3976663, at *2; Poix, 2022 WL 16751915, at *2 (collecting cases). The Second Circuit has noted that such administrative stays are helpful in Hague Convention cases. See Diorinou v. Mezitis, 237 F.3d 133, 138 (2d Cir. 2001). Therefore, I will administratively stay the return date of O.T. in my Order, currently February 12, 2025, to February 19, 2025, so that Durust may seek emergency relief from the Court of Appeals. In light of this administrative stay, I will also delay the requirement that the parties meet and confer to discuss the logistics of O.T.'s return to Turkey and file a joint letter informing the Court to whom O.T.'s passport should be released. (See D.E. ## 71, 72, 73.) Absent a stay from the Court of Appeals, that joint letter is now due on February 12, 2025. The parties should engage in planning the logistics for O.T.'s return to Turkey by February 19 in compliance with my Order and this administrative stay.

Durust's motions to stay my Order of O.T.'s return to Turkey and to stay my Order that the parties file a joint letter informing the Court to whom O.T.'s passport should be released are GRANTED IN PART and DENIED IN PART. Absent a further stay from the Court of Appeals, O.T. shall be returned to Turkey by February 19, 2025, and the parties shall file a joint letter informing the Court to whom O.T.'s passport should be released by February 12, 2025.

SO ORDERED.

Dated: February __6__, 2025
Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

4