# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T. 212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

February 12, 2025

<u>Via ECF</u>

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 10D South
Brooklyn, New York 11201

  Re: *Tatari v. Durust*
     Case No. 1:24-cv-06930-CBA-SJB

Dear Judge Amon:

  On January 29, 2025, this Court issued a Memorandum & Order (the "Order") granting Petitioner's petition and ordering that O.T. be returned to Turkey within fourteen (14) days (ECF No. 67). The Court further directed the parties to file a joint letter within seven (7) days of the Order advising to whom the Clerk of Court should release O.T.'s passports. *Id*. The Clerk of Court entered judgment in favor of Petitioner on February 3, 2025 (ECF No. 69). Subsequently, following a stay application by Defendant, the Court issued a Memorandum & Order on February 6, 2025, entering a brief administrative stay of the return date of O.T. to February 19, 2025 and directing the parties to file a joint letter informing the Court to whom O.T.'s passport should be released by February 12, 2025 (ECF No. 75).

  Pursuant to the February 6, 2025 Memorandum & Order, the parties have attempted to confer and have been unable to reach an amicable resolution. The parties' respective positions are being submitted by this joint letter as set forth hereinbelow:

<u>Petitioner's Position</u>:

  Petitioner proposes the following travel arrangements to avoid any risk of Respondent removing O.T. from the United States to a country other than Turkey:

  Petitioner shall travel to New York with his Turkish family lawyer (in the passport case) on or before February 18, 2025 to facilitate O.T.'s return to Turkey on February 19, 2025 in compliance with the directed return date. As such, he shall be able to pick up both of O.T.'s passports on or before February 18, 2025, subject to the Court's permission and availability. If the Court prefers, Petitioner agrees that O.T.'s United States passport be released to him and O.T.'s Turkish passport be released to Respondent, both on February 18, 2025.

If allowed by this Court, Petitioner shall make arrangements for a return flight to Turkey on February 19, 2025 with O.T. and his Turkish family lawyer. It is requested that in order to smoothly transition O.T., the Child stay with Petitioner overnight on February 18, 2025, and Petitioner will then travel with O.T. to the airport on February 19, 2025 for the return flight. All flight details shall be shared to facilitate Respondent booking the same return flight if she so chooses. Petitioner shall take O.T. through the passport counter upon arrival in Turkey.

Should the Court deny the above proposed travel arrangements, Petitioner proposes that Respondent shall share flight details with Petitioner at least 3 days in advance so that he may make arrangements to fly on the same plane and such flight should be direct to Istanbul from New York, if possible. In this scenario, Petitioner further proposes that a U.S. Marshal meet Respondent at the airport to ensure that Respondent and the Child board the return flight. *See Cuellar I*, 596 F.3d 505, 512 (9th Cir. 2010); *Sullivan v. Sullivan*, No. CV-09-545-S-BLW, 2010 WL 227924 (D. Idaho Jan. 13, 2010) ("United States Marshals Service is directed to assist in the execution of this Order as necessary, and the United States Marshals Service may enlist the assistance of other law enforcement authorities, including the local police, as necessary to aid in any aspect of securing the safe return of C.S. to New Zealand."); *Rodriguez Palomo v. Howard*, 426 F. Supp. 3d 160, 181 (M.D.N.C. 2019), aff'd sub nom. *Palomo v. Howard*, 812 F. App'x 155 (4th Cir. 2020).

Respondent's Position:

Respondent proposes that she return with the Child to Turkey on February 19, 2025, as that will be what is most comfortable for the Child. *See, e.g. Giampaolo v. Erneta*, 390 F. Supp. 2d 1269, 1285–86 (N.D. Ga. 2004) (noting Respondent may accompany the child on the return to Argentina)*; Khalip v. Khalip*, No. 10-13518, 2011 WL 1882514, at *9 (E.D. Mich. May 17, 2011) ("Respondent may accompany the children on the return trip to the Ukraine.").

Prior to August 2024, when Respondent and the Child visited the United States following the parties' divorce, Respondent traveled with the Child alone to and from Turkey. Respondent has complied with all of this Court's orders and there is no basis for Petitioner's request that a U.S. Marshal meet Respondent to ensure Respondent and the Child board the plane to Turkey. The presence of a U.S. Marshal would also be scary for the Child, who is only six years old. Respondent will, of course, provide Petitioner with flight confirmations and information when such flight has been booked. Respondent proposes that both the Child's United States passport and Turkish passport shall be released to Respondent on February 18, 2025, subject to the Court's permission and availability.

Respectfully,

/s/Richard Min      /s/Brett Ward
Richard Min         Brett S. Ward
*Attorney for Petitioner*   *Attorney for Respondent*

cc:   All Counsel (by ECF)

Website: www.gkmrlaw.com • Email: info@gkmrlaw.com